IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SEAMA WHITLEY-LaFRANCE,        )
                                )
    Plaintiff,                  )
                                )
v.                              )    Case No. CIV-12-1181-R
                                )
CAROLYN W. COLVIN,[1]           )
Commissioner, Social Security   )
Administration,                 )
                                )
    Defendant.                  )

# REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Seama Whitley-LaFrance (Plaintiff) seeks judicial review of the Defendant Acting Commissioner's (Commissioner) final decision denying her claim for disability insurance benefits under the Social Security Act. The matter is before the undersigned Magistrate Judge on referral by United States District Judge David L. Russell for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3). Having carefully reviewed the administrative record (AR) in conjunction with the arguments and authorities of both parties, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

## I. Administrative proceedings.

In documents supporting her April 2009 application for disability benefits, Plaintiff stated that "[d]epression, bipolar, back problems (injured it) - degenerative disc disease L4 & L5, scoliosis, total abdominal hysterectomy bilateral salpingooophorectony, HBP, COPD, allergies & sinus problems" became disabling as of April 20, 2008.[2] AR 150-53, 190. Plaintiff reported these medical conditions limit her ability to work because (1) her back hurts after ten minutes of sitting or standing; (2) she cannot lift anything weighing over fifteen pounds; and, (3) her "memory is not as good as it used to be." *Id.* at 190.

The Social Security Administration (SSA) denied Plaintiff's claim. *Id.* at 55-59, 62-65. At her request, an Administrative Law Judge ("ALJ") conducted a September 2010 hearing where Plaintiff – who was represented by counsel – and a vocational expert appeared and testified. *Id.* at 27-52, 65. In his January 2011 hearing decision, the ALJ found Plaintiff retained the ability to perform her past relevant work as well as other work available in the national economy and, accordingly, was not disabled within the meaning of the Social Security Act. *Id.* at 13-23. After the SSA's Appeals Council declined her request for review, *id.* at 1-6, Plaintiff sought review of the Commissioner's final decision by this

---

[2] Unless otherwise indicated, quotations in this report are reproduced verbatim.

Court. Doc. 1.

## II. Determination of disability.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

## III. Analysis.

### A. Plaintiff's claims of error.

While Plaintiff presents multiple claims of error on judicial review,

3

remand is recommended for the reason that the ALJ committed legal error by failing to address the impact of Plaintiff's disability rating by the Department of Veteran's Affairs (VA). Accordingly, the undersigned will not address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## B. Standard of review.

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's "factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.*

4

### C. VA disability rating.

#### 1. The ALJ's duty to consider the VA rating.

Under SSA regulations, "[a] decision by any . . . other governmental agency . . . that [a claimant] is disabled . . . is not binding on [the SSA.]" 20 C.F.R. § 404.1504. Nonetheless, in the Tenth Circuit "it is evidence that the ALJ must consider and explain why he did not find it persuasive." *Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005) (citing *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) ("Although findings by other agencies are not binding on the [Commissioner], they are entitled to weight and must be considered.") (quotation omitted).

#### 2. The ALJ's consideration of the VA rating.

Plaintiff, as the ALJ found, testified at her administrative hearing that "she is one hundred percent disabled through the military due to the combination of her impairments, which include post traumatic stress disorder, bipolar disorder, chronic obstructive pulmonary disease, high blood pressure, and a back injury." AR 19, 35-37. Nonetheless, apart from this single reference, the ALJ did not otherwise mention the VA disability determination in his hearing decision. *Id.* at 13-23.

#### 3. Application of the law.

The Commissioner acknowledges that VA disability ratings, while not

binding, are entitled to weight and must be considered by the ALJ. Doc. 16, at 3. And, despite the absence of *any* overt consideration of this evidence, the Commissioner argues "[t]he ALJ correctly weighed Plaintiff's evidence from the VA, including her statement that she was 100% disabled" and, in fact, "showed that he did [consider the VA rating]." *Id.* According to the Commissioner, the ALJ did so by reciting Plaintiff's testimony and by "discuss[ing] each of her claimed bases for VA disability and the fact that Plaintiff's VA records did not reflect limitations that would qualify her as disabled under the Social Security regulations . . . ." *Id.* at 3-4.[3]

The ALJ's decision, however, reflects only an awareness of the fact that Plaintiff testified about a disability rating, not any actual consideration of the implications of that VA disability determination. It is, in fact, possible the ALJ gave *no* consideration to the VA's rating – let alone the consideration the Commissioner suggests – as the actual Rating Decision was not part of the record due to the failure of Plaintiff's counsel to submit it. In this regard, and contrary to his representations to this Court, Doc. 14, at n.4, Plaintiff's counsel

---

[3] In this same vein, the Commissioner – in an attempt to supply reasons why the VA determination was not persuasive – contends that Plaintiff's disability rating "was not fully supportive" of her alleged work-related disabilities. Doc. 16, at n.4. Nonetheless, "[a]ffirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004).

6

did *not* submit the Rating Decision document into the record. Plainly, the document was not even facially submitted as counsel claims "when the claimants medications, work history and recent medical records were submitted . . . ." *Id.* *See* AR 36, 233-36 (Exhibit 11E). Nor did counsel submit the document before, AR 35, or at the end of the hearing as he specifically advised the ALJ he would. *Id.* at 36.[4] And, while counsel submits "the record actually proves it was submitted to the ALJ at the hearing," Doc. 15, at n. 4, the relevant exchange – presumably counsel's offer to hand evidence to the ALJ – is, at best, equivocal as to whether a document actually changed hands. AR 35. In short, the actions of Plaintiff's counsel did not facilitate but, instead, frustrated the administrative process. Nonetheless, and Plaintiff's testimony about her VA disability determination aside, the Commissioner acknowledges that Plaintiff's VA records, AR 302-03, "recite that she had a 90% service connected disability . . . ." Doc. 16, at n.4. The ALJ was required, but failed, to observably consider and explain the significance of the VA's disability evaluation. *See Grogan*, 399 F.3d at 1262-63.

The ALJ's error in failing to do so is not harmless. While he credited Plaintiff's impairments, he discounted the credibility of her complaints of pain

---

[4] Likewise, Plaintiff's counsel did not submit the document, as represented, Doc. 15, at n.1, as an exhibit to Plaintiff's opening brief. And, when he claimed in Plaintiff's reply brief, Doc. 17, at n.1, to correct this "oversight" by attaching it as an exhibit, counsel omitted several pages of the Rating Decision. *See* Doc. 17.

and depression, AR 20, without considering the VA's determination that Plaintiff's pain-producing back condition and her major depressive disorder contributed to a finding of disability.

IV. **Recommendation and notice of right to object.**

For the stated reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by October 20, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 30th day of September, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE